## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

NATHAN HINTON,

      Plaintiff,                          Case No.

v.                                     Hon.

AUBURN HILLS MANUFACTURING,
INC., a foreign corporation,

      Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

      NOW COMES, Plaintiff, Nathan Hinton (hereinafter "Plaintiff"), by and through his attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendant states as follows:

      1.     Plaintiff, Nathan Hinton is a resident of the City of Warren, County of Macomb and State of Michigan.

2.      Defendant,   Auburn   Hills   Manufacturing,   Inc.,   (hereinafter "Defendant"), is a foreign profit corporation incorporated under the laws of the State of Delaware, whose registered agent is The Corporation Company has whose registered address is 40600 Ann Arbor Road East, Suite 201, Plymouth, MI 48170.

3.      The events producing the original injury occurred in the City of Auburn Hills, County of Oakland and State of Michigan.

4.      Jurisdiction is proper in the District Court for the Eastern District of Michigan under 28 U.S.C. § 1331 for Plaintiff's federal law claim.

5.      Jurisdiction is proper in the District Court for the Eastern District of Michigan under 28 U.S.C. § 1367 for pendant jurisdiction as Plaintiff's state law claims arise from the same nucleus of operative facts as Plaintiff's federal law claim.

6.      Venue is proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

7.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

8.      Plaintiff brings this action for acts and/or omissions of Defendant consisting of the denial of employment opportunities in violation of the Michigan Persons   with   Disabilities   Civil   Rights   Act,   MCLA   37.1101,   *et.   seq.*,

("PWDCRA"), which has resulted in mental, emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

9.    Plaintiff incorporates by reference paragraphs 1 through 8 of the Complaint as though fully set forth herein.

10.    Plaintiff is a 36-year-old male.

11.    Plaintiff suffers from asthma, which is a disability under the Michigan Persons with Disabilities Civil Rights Act, as it substantially interferes with major life activities, including Plaintiff's ability to work in environments that would aggravate his asthma.

12.    On or about February 2018, Plaintiff began his employment with Defendant at its Auburn Hills location as a Hi-Lo driver at the shipping and receiving area of Defendant's South Plant.

13.    On or about February 2018, Plaintiff was asked to drive a Hi-Lo in the Defendant's North Plant at its Auburn Hills location.

14.    Defendant's South Plant is a machine shop, and that is where it makes machine parts.

15.    Defendant's North Plant is a forge plant, and produces a high amount of graphite dust particles that aggravated Plaintiff's asthma.

16.    Plaintiff worked in the North Plant exclusively on a temporary basis

3

until a Hi-Lo driver could be hired to work in the North Plant.

17.    Plaintiff worked as a Hi-Lo driver at the North Plant for several months.

18.    Plaintiff's asthma was significantly worsened as a result of having to go into the North Plant, as the conditions at the North Plant worsened his asthma.

19.    Plaintiff brought his concerns to his supervisor, who immediately agreed to transfer him to the South Plant because of Plaintiff's disability.

20.    Plaintiff was instructed by his supervisor to let Defendant's Human Resources Department know that he was being transferred because of his asthma being significantly worsened by the graphite dust of the North Plant.

21.    Plaintiff informed Defendant's Human Resources Department that his supervisor was transferring him to the South Plant because of his asthma.

22.    Plaintiff intended to return to working as a Hi-Lo operator at the South Plant, which he had done prior to working exclusively in the North Plant.

23.    Defendant's Human Resources Department denied Plaintiff's transfer back to the South Plant without a doctor's note explaining any limitations or accommodations that would be needed for Plaintiff to resume work.

24.    Plaintiff provided Defendant's Human Resources Department an initial note from his doctor explaining that Plaintiff was able to return to work in his previous role with certain accommodations.

25.    Defendant's Human Resources Department refused to allow Plaintiff to return to his previous role based on his doctor's note as written.

26.    Plaintiff then had his doctor write a second note to the Human Resources Department explaining that Plaintiff could return to work.

27.    Defendant's Human Resources Department again refused to allow Plaintiff to return to his former position.

28.    This pattern continued several times, with Plaintiff not being allowed to work at his previous position.

29.    Every time that Plaintiff brought in a doctor's note explaining what accommodations would be needed, Defendant's Human Resources Department refused to allow him to transfer to the South Plant.

30.    Plaintiff's disability was the determining factor in whether Defendant's human resources department would allow him to return to his previous position.

31.    Plaintiff's requests through his doctor's notes for reasonable accommodations for his disability were continually challenged by Defendant's human resources department, who did not accept the letters from Plaintiff's doctor.

32.    Plaintiff would have been able to return to his previous position had Defendant's human resources department not continually stated that the notes were insufficiently vague and that he needed a new note each time.

5

33.     Plaintiff was terminated from his employment with Defendant on September 17, 2019.

34.     Plaintiff filed a Charge of Discrimination on November 18, 2019, and received a Right to Sue letter on March 22, 2022.

**COUNT I**
**VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT, MCLA § 37.1101, *ET. SEQ.***

35.     Plaintiff incorporates by reference paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36.     Plaintiff has asthma, constituting a disability under the Michigan Persons with Disabilities Civil Rights Act (PWDCRA), MCLA §37.1101, *et. seq*., and substantially interferes with major life activities, including his ability to breathe.

37.     Pursuant to the PWDCRA, Plaintiff is guaranteed the right to be free from discriminatory treatment in public accommodations and private entities and their agents, including its employees, based upon his disability.

38.     Plaintiff's disability was a factor in Defendant's actions, including but not limited to Defendant's refusal to accommodate Plaintiff, and Defendant's decision to terminate Plaintiff.

39.     Defendant is an employer under the PWDCRA. MCLA §37.1201(b).

40.     Under Michigan law, Defendant may not "Discharge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a disability or genetic information that is unrelated to the individual's ability to perform the duties of a particular job or position." MCLA §37.1202(b).

41.     Defendant owed Plaintiff, as a disabled individual, a duty to adequately advise its employees to refrain from discriminating against him, and implement training to ensure that its officers, employees, agents, and/or servants officers did not discriminate against Plaintiff in a manner prohibited by the PWDCRA.

42.     Defendant owed Plaintiff, as a disabled individual, a duty to adequately advise its employees to adequately accommodate his disability, and implement training to ensure that officers, agents, employees, and/or servants appropriately accommodated him under the PWDCRA.

43.     Plaintiff was terminated from his employment with Defendant, Auburn Hills Manufacturing as a result of his disability.

44.     Defendant and its agents, employees and representatives, are liable for violations of the PWDCRA by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by discriminating against Plaintiff based exclusively upon his disability;

7

    b.  Preventing Plaintiff from having full and fair opportunities of employment and accommodations based upon his disability;

    c.  Failing to accommodate Plaintiff's disability; and

    d.  Failing to implement policies and procedures that prevent discrimination under the PWDCRA.

45.    Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the Michigan PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

46.    As a direct and proximate result of Defendant's harassment and discrimination of Plaintiff solely on the basis that he had a disability or was perceived by Defendant to be a person with a disability, Plaintiff has sustained injuries including, but not limited to:

    a.  Economic damages;

    b.  Wage loss;

    c.  Mental anguish;

    d.  Fright;

    e.  Shock;

    f.  Embarrassment;

    g.  Outrage;

    h.  Anxiety;

    i.  Emotional distress;

j.  Loss of self-esteem; and

k.  Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: May 25, 2022

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Nathan Hinton, by and through his attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

9

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By: /s/Scott P. Batey
     SCOTT P. BATEY (P54711)
     Attorney for Plaintiff
     30200 Telegraph Road, Suite 400
     Bingham Farms, MI 48025
     (248) 540-6800-telephone
     (248) 540-6814-fax
     sbatey@bateylaw.com

Dated: May 25, 2022